UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IYANNA HOWARD

      Plaintiff,

v.                                                                Civil Action No. 2:25-cv-728

GLASSER & GLASSER, P.LC.,
MICHAEL GLASSER, JACOB
GLASSER, and MARK GROVES,

      Defendants.

## ORDER AND OPINION

This employment discrimination case is before the court on a Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, (ECF No. 16), by Defendants Michael Glasser, Jacob Glasser, and Mark Groves ("the Individually Named Defendants"). The Individually Named Defendants argue that they are not subject to individual liability under Title VII of the Civil Rights Act of 1964 and the Virginia Human Rights Act, (ECF No. 17, at 1, 3-5), as Plaintiff Iyanna Howard ("Plaintiff" or "Howard") argues in Counts III, IV, V, and VIII of her Complaint and her opposition to the Motion, (ECF No. 24, at 2, 3-5). For the reasons outlined below, the court GRANTS the Individually Named Defendants' Partial Motion to Dismiss Plaintiff's Complaint, (ECF No. 16).

## I.    BACKGROUND

### A.    Factual Allegations

On April 15, 2024, Plaintiff started working for Glasser & Glasser, P.L.C. ("the Firm") as the only Black female attorney in the Firm's Virginia office, after executing an employment agreement on April 2, 2024. Compl. ¶¶ 12-13, 15 (ECF No. 1, at 3-4). Plaintiff claims that after she received exceptional performance evaluations throughout her tenure with the Firm, managing

1

attorney Mark Groves discussed with her the logistics of a promotion to Senior Associate and Director of Employee Relations. Id. ¶¶ 21-25 (ECF No. 1, at 4-5).

Beginning in October 2024, Plaintiff claims she experienced discrimination and was subjected to disparaging remarks. For example, she claims Groves made disparaging remarks about her during a client audit meeting after disclosing the confidential results of a laboratory drug test she submitted prior to accepting her offer. Id. ¶¶ 14, 26-32, 37-38 (ECF No. 1, at 4-6). Plaintiff reported the incident to her supervisor and claims that, as a result, she was subjected to unlawful retaliation. Id. ¶¶ 33, 39 (ECF No. 1, at 6-7). She alleges that this retaliation included receiving verbal threats of termination, "quarantined email messages," and firmwide policy violation notices—all of which she alleges her non-Black co-workers did not receive. Id. ¶¶ 40-46 (ECF No. 1, at 7). She also claims she never received a promotion to Senior Associate and Director of Employee Relations as promised, reputational and compensatory credit for her work, professional advancement opportunities, or a promised pay increase after her 90-day evaluation. Id. ¶¶ 47-49 (ECF No. 1, at 7-8). Additionally, Plaintiff claims that Michael and Jacob Glasser glared and "intimidatingly" stared at her, resulting in a panic attack. Id. ¶ 51 (ECF No. 1, at 8). As a result of these alleged disparaging remarks and discriminatory behavior, Plaintiff claims she suffered severe daily panic attacks, increased anxiety, depression, social isolation, insomnia, mood swings, fear, sadness, and anger. Id. ¶¶ 55-59 (ECF No. 1, at 8-9).

Howard signed a mutual termination agreement on February 3, 2025, resulting in her resignation from the Firm, with her last day of employment on February 24, 2025. Id. ¶¶ 60-61 (ECF No. 1, at 9); Compl. Ex. E (ECF No. 1-5). However, on February 7, 2025, Defendants terminated Howard's employment, which she claims resulted in a failure to "provide her with full payment, including compensation for mileage, tolls, and other reimbursable costs." Compl. ¶ 62

2

(ECF No. 1, at 9). On April 9, 2025, Howard filed charges of racial and disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 64 (ECF No. 1, at 10). On August 13, 2025, the EEOC issued Howard a Notice of Right to Sue. Id. ¶ 65.

On November 10, 2025, Howard filed the present action. Compl. (ECF No. 1). Counts III, IV, V, and VIII of Plaintiff's Complaint are alleged against Defendants Glasser & Glasser, P.L.C., Michael Glasser, Jacob Glasser, and Mark Groves ("Defendants").[1] In Counts III, IV, and V of her Complaint, Howard argues that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") by (1) discriminating against her based on her race and color; (2) taking unlawful retaliatory actions and firing her after she complained of the discrimination she faced; and (3) subjecting her to a hostile work environment that included alleged threats of termination, unwarranted policy accusations, intimidating physical conduct, and demeaning, unprofessional comments—all of which ultimately ended with the termination of her employment. Compl. ¶¶ 80-105 (ECF No. 1, at 12-15). In Count VIII of her Complaint, Howard argues that Defendants also violated the Virginia Human Rights Act ("VHRA") by racially discriminating against her, subjecting her to a hostile work environment, failing to promote her, and ultimately terminating her employment. Id. ¶¶ 120-123 (ECF No. 1, at 17).

## B.    Current Motion

The Individually Named Defendants moved to dismiss Counts III, IV, V, and VIII of Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

---

[1] Howard's Complaint asserts a total of ten causes of action with claims against the Firm and the Individually Named Defendants. In addition to Counts III, IV, V, and VIII against all Defendants, Howard sued the Firm for breach of contract in Count I, breach of implied covenant of good faith and fair dealing in Count II, breach of confidentiality and discrimination under the Americans with Disabilities Act (ADA) in Count IX, and constructive discharge in Count X. Id. ¶¶ 67-79, 124-37 (ECF No. 1, at 10-12, 17-19). Additionally, she sued Mark Groves in his individual capacity for tortious interference with contract in Count VI and tortious interference with business expectancy in Count VII. Id. ¶¶ 106-19 (ECF No. 1, at 15-17). The Firm and Groves have separately moved to dismiss Plaintiff's claims against them, (ECF Nos. 13, 18), and the court will take up those motions after hearing oral arguments on March 18, 2026. Accordingly, those counts of the Complaint are not relevant to the matters addressed in this Opinion and Order.

12(b)(1), (ECF No. 16). They argue that neither Title VII nor the VHRA recognize individual liability. Mem. Supp. Partial Mot. to Dismiss Pl.'s Compl. ("Defs.' SMJ Mem.") (ECF No. 17, at 1, 3-5). Plaintiff opposed the Motion arguing that the Individually Named Defendants erroneously assumed that individuals cannot be held liable under Title VII and the VHRA when there allegedly is caselaw supporting individual liability under these anti-discriminatory laws. Mem. Opp'n Partial Mot. to Dismiss Pl.'s Compl. ("Pl.'s SMJ Opp'n") (ECF No. 24, at 2, 3-5). The Individually Named Defendants replied, noting that the cases Plaintiff relies upon have been superseded by more recent binding authority. Reply. Mem. Supp. Partial Mot. to Dismiss Pl.'s Compl. ("Defs.' SMJ Reply") (ECF No. 27).

## II.    STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). According to the Fourth Circuit, "[c]hallenges to subject matter jurisdiction can be presented either facially or factually." Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc., 892 F.3d 613, 620–21 (4th Cir. 2018) (citing Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). A facial challenge asserts that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). On the other hand, a factual challenge asserts that "the jurisdictional allegations of the complaint [are] not true." Id. When a defendant makes

4

a facial challenge to subject matter jurisdiction—as is the case here[2]—"the plaintiff, in effect, is afforded the same procedural protection as he [or she] would receive under a Rule 12(b)(6) consideration." Kerns, 585 F. 3d at 192 (quoting Adams, 697 F.2d at 1219). Under this standard, "to survive a motion to dismiss, a complaint must contain sufficient factual information to 'state a claim to relief that is plausible on its face.'" Colonial Beach Yacht Ctr., Inc. v. United States, 700 F. Supp. 2d 774, 778 (E.D. Va. 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As such, under a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns, 585 F. 3d at 192.

## III.   ANALYSIS

### A.    The Individually Named Defendants Cannot Be Held Liable Under Title VII.

Title VII does not recognize individual liability. Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42. U.S.C. § 2000e-2(a)(1). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." Id. § 2000e(b). The Fourth Circuit has held that individuals

---

[2] Although courts have resolved issues of Title VII and VHRA individual liability under Rule 12(b)6), there is also authority to do so under Rule 12(b)(1). The Fourth Circuit has held that when a defendant is found not to be an "employer" under Title VII, a district court may dismiss the claims for lack of jurisdiction. Dobson v. Harnden Grp. LLC, No. cv-18-3624, 2019 WL 1242527, at *2 (D. Md. Mar. 18, 2019); Brown v. Baltimore Police Dep't, No. 11-00136, 2011 WL 6415366, at *5 (D. Md. Dec. 21, 2011) (citing Woodard v. Virginia Bd. of Bar Exam'rs, 598 F.2d 1345 (4th Cir. 1979)); cf. Hukill v. Auto Care, Inc., 192 F.3d 437, 441 (4th Cir. 1999) (likewise holding that "[a] district court lacks subject matter jurisdiction over an FMLA claim if the defendant is not an employer as the term is defined in the [statute]"); Jones v. Am. Postal Workers Union, 192 F.3d 417, 423 (4th Cir. 1999) (dismissing claims brought under the ADA against defendants that are not employers for lack of subject matter jurisdiction). As such, the court may properly dismiss Counts III, IV, V, and VIII for lack of jurisdiction if they are claims of individual liability rather than employer liability under the relevant statutes.

cannot be held liable under Title VII. <u>Lissau v. S. Food Serv., Inc.,</u> 159 F.3d 177, 181 (4th Cir.

1998) (holding that Title VII and the Age Discrimination in Employment Act (ADEA) define

employer in the same manner, and thus, the reading of Title VII should "foreclose individual

liability" just as the ADEA—its "closest statutory kin"—does in <u>Birbeck v. Marvel Lighting Corp.,</u>

30 F.3d 507, 510 (4th Cir. 1994)). The statutory language of Title VII and its remedial scheme

support the notion that Congress intended to limit liability to employers rather than individuals,

including supervisors. <u>Id.</u> "[A] large number of circuit courts have [similarly] held that individual

supervisors are not liable in their individual capacities for Title VII violations." <u>Id.</u> (citing <u>Tomka</u>

<u>v. Seiler Corp.,</u> 66 F.3d 1295, 1317 (2d Cir. 1995); <u>Dici v. Pennsylvania,</u> 91 F.3d 542, 552 (3d Cir.

1996); <u>Grant v. Lone Star Co.,</u> 21 F.3d 649, 653 (5th Cir. 1994); <u>Wathen v. General Elec. Co.,</u> 115

F.3d 400, 406 (6th Cir. 1997); <u>Williams v. Banning,</u> 72 F.3d 552, 554 (7th Cir. 1995); <u>Smith v. St.</u>

<u>Bernards Regional Medical Ctr.,</u> 19 F.3d 1254, 1255 (8th Cir. 1994); <u>Miller v. Maxwell's Intern.</u>

<u>Inc.,</u> 991 F.2d 583, 588 (9th Cir. 1993); <u>Haynes v. Williams,</u> 88 F.3d 898, 901 (10th Cir. 1996);

<u>Smith v. Lomax,</u> 45 F.3d 402, 403 n. 4 (11th Cir. 1995); <u>Gary v. Long,</u> 59 F.3d 1391, 1399 (D.C.

Cir. 1995)). Since <u>Lissau,</u> courts within the Fourth Circuit have consistently rejected individual

liability under Title VII. <u>See, e.g.,</u> <u>Jones v. Sternheimer,</u> 387 F. App'x 366, 368 (4th Cir. 2010);

<u>Arnold v. United Parcel Serv. Supply Chain Sols., Inc.,</u> No. 3:24-cv-340, 2024 WL 4564275, at

*4 (E.D. Va. Oct. 24, 2024)

Plaintiff relies on <u>Shoemaker v. Metro Indo. Servs. Inc.,</u> 910 F. Supp. 259, 264 (E.D. Va.

1996) and <u>Paroline v. Unisys Corp.,</u> 879 F. 2d 100, 104 (4th Cir. 1989), to argue that an individual

holds employer status when they exercise supervisory authority and wield significant control over

employment conditions. Pl.'s SMJ Opp'n (ECF No. 24, at 3-4). She specifically argues that a

defendant can be held individually liable under Title VII by engaging in offensive conduct. <u>Id.</u> at

4 (citing Shoemaker, 910 F. Supp. at 265)). Because all three Individually Named Defendants occupy leadership positions and serve in supervisory roles as managing attorneys at the Firm, Plaintiff argues they should be held individually liable under Title VII for engaging in discriminatory conduct toward Plaintiff. Id. at 3-4.

However, both the cases Plaintiff relies on predate the Fourth Circuit's 1998 decision in Lissau, which remains binding. See 159 F.3d at 181. In fact, the District Court in Lissau originally noted that "the rule in Paroline [was] changed by subsequent legislation and the reasoning of Birbeck v. Marvel Lighting Corp., 30 F. 3d 507 (4th Cir. 1994)." Lissau v. Southern Food Serv., No. 95-487, 1996 U.S. Dist. LEXIS 1645, at *5-7 (W.D. Va. Oct. 10, 1996). On appeal, the Fourth Circuit specifically cited to the 1991 amendments to Title VII as further support that "individuals are not liable under the Act." Lissau, 159 F.3d at 180. Since then, courts in this district have not resurrected Paroline and continue to find no individual liability under Title VII. See, e.g., Arnold v. United Parcel Serv. Supply Chain Sols., Inc., No. 3:24-cv-340, 2024 WL 4564275, at *4 (E.D. Va. Oct. 24, 2024); Jones v. Tyson Foods, Inc., 378 F. Supp. 2d 705, 708 (E.D. Va. 2004), aff'd sub nom. Jones v. Tyson Foods, 126 F. App'x 106 (4th Cir. 2005) ("[T]he Fourth Circuit Court of Appeals overruled Paroline, with its decision in Lissau . . . [which] specifically held that supervisors are not individually liable for violations of Title VII." (citations omitted)). Plaintiff unequivocally alleged that her "employer" was the Firm, Glasser & Glasser, P.L.C. Compl. ¶¶ 4-5 (ECF No. 1, at 2). Thus, the Individually Named Defendants are not subject to suit under Title VII, and the court will dismiss Counts III, IV, and V for lack of jurisdiction as to these defendants.

**B.    The Individually Named Defendants Cannot Be Held Liable Under the VHRA**

Like Title VII, the VHRA does not recognize individual liability. See Cross v. Suffolk City Sch. Bd., No. 2:11-cv-88, 2011 WL 2838180, at *6 (E.D. Va. July 14, 2011) (citing Collins v. Franklin, 142 F. Supp. 2d 749, 751 (W.D. Va. 2000)) (holding that "only persons who are

employers are liable under the VHRA"). Plaintiff cites Va. Code. Ann. § 2.2-3908(A)(1) to argue that because the statute authorizes a lawsuit against a "person" who engaged in unlawful discriminatory conduct, the Individually Named Defendants can be held liable. Pl.'s SMJ Opp'n (ECF No. 24, at 4-5). However, the VHRA—like Title VII—defines employer as a "person" who employs fifteen or more employees and any agent of such a person. Va. Code. Ann. § 2.2-3905(A) (West 2024). As such, federal courts in Virginia "have found no individual liability under the VHRA, noting that an interpretation holding individual managers and supervisors personally liable if they engage in discrimination would 'dramatically expand the scope of the [statute].'" Lundberg v. Delta Response Team, LLC, No. 3:23-cv-00042, 2024 WL 1676806, at *3 (W.D. Va. Apr. 18, 2024) (quoting Saville v. Nw. Reg'l Jail Auth., No. 5:22-cv-057, 2024 WL 82737, at *8 (W.D. Va. Jan. 8, 2024)). Thus, the Individually Named Defendants are also not subject to suit under the VHRA, and the court will dismiss Count VIII for lack of jurisdiction as to these three defendants.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, (ECF No. 16), and DISMISSES Counts III, IV, V, and VIII as to Michael Glasser, Jacob Glassser, and Mark Groves.[3]

IT IS SO ORDERED.

_____/s/_____
Douglas E. Miller
United States Magistrate Judge
_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 5, 2026

---

[3] Defendants Michael Glasser and Jacob Glasser ("the Glassers") separately moved to dismiss Counts III, IV, V, and VIII of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF Nos. 20, 21). Plaintiff opposed the Motion, (ECF No. 22), and the Glassers replied, (ECF No. 29). Because the court grants the Partial Motion to Dismiss filed by all three Individually Named Defendants—including the Glassers—the court need not delve further into the merits of the Glassers' Rule 12(b)(6) Motion and analyze whether Plaintiff has sufficiently pled plausible claims under Title VII and the VHRA. As such, the Glassers' Motion to Dismiss Plaintiff's Complaint, (ECF No. 20), is TERMINATED as moot.