UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IYANNA HOWARD

      Plaintiff,

v.                                                                            Civil Action No. 2:25-cv-728

GLASSER & GLASSER, P.LC.,
MICHAEL GLASSER, JACOB
GLASSER, and MARK GROVES,

      Defendants.

## ORDER AND OPINION

This employment discrimination case is before the court on a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, (ECF No. 18), by Defendant Mark Groves ("Defendant" or "Groves"). Count VI for tortious interference with contract and Count VII for tortious interference with business expectancy are the only remaining claims in Plaintiff's Complaint against Groves.[1] Defendant argues that as a member of Glasser & Glasser, P.L.C., he is an agent of the law firm and is thus incapable of tortious interference with a firm contract or business expectancy, (ECF No. 19, at 18-26). On March 18, 2026, the court held a hearing with the parties present by counsel.[2] For the reasons stated on the record then and explained in detail below, the court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint against Groves, (ECF No. 18).

---

[1] In a previous order, the court dismissed Counts III, IV, V, and VIII of Plaintiff's Complaint against the individually named defendants—including Groves—on jurisdictional grounds. Order & Op. (ECF No. 35). Because individual defendants cannot be held liable under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Virginia Human Rights Act ("VHRA"), Groves could not be held individually liable for racial discrimination, retaliation, or creating a hostile work environment under Title VII, nor could he be held liable for discrimination under the VHRA. Id.

[2] At the hearing, the court also heard oral arguments for the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim filed by Glasser & Glasser, P.L.C, (ECF No. 13). The court will issue a separate order resolving that Motion.

1

## I.    BACKGROUND

### A.    Factual Allegations

The court previously discussed the factual allegations of this case at length in an earlier Order and Opinion.  See Order & Op. (ECF No. 35, at 1-3).  Rather than repeat the background, the facts alleged relevant to this matter are summarized below.

On April 15, 2024, Plaintiff started working for Glasser & Glasser, P.L.C. ("the Firm") as the only Black female attorney in the Firm's Virginia office, after executing an employment agreement on April 2, 2024.  Compl. ¶¶ 12-13, 15 (ECF No. 1, at 3-4).  Plaintiff claims that after she received exceptional performance evaluations throughout her tenure with the Firm, managing attorney Mark Groves discussed with her the logistics of a promotion to Senior Associate and Director of Employee Relations.  Id. ¶¶ 21-25 (ECF No. 1, at 4-5).

Beginning in October 2024, Plaintiff claims she experienced discrimination and was subjected to disparaging remarks.  For example, she claims Groves made disparaging remarks about her during a client audit meeting after disclosing the confidential results of a laboratory drug test she submitted prior to accepting her offer.  Id. ¶¶ 14, 26-32, 37-38 (ECF No. 1, at 4-6).  Plaintiff reported the incident to her supervisor and claims that, as a result, she never received (1) a promised promotion to Senior Associate and Director of Employee Relations, (2) reputational and compensatory credit for her work, (3) professional advancement opportunities, or (4) a promised pay increase after her 90-day evaluation.  Id. ¶¶ 47-49 (ECF No. 1, at 7-8).  She also claims to have suffered severe emotional distress.  Id. ¶¶55-59 (ECF No. 1, at 8-9).

Howard signed a mutual termination agreement on February 3, 2025, resulting in her resignation from the Firm, with her last day of employment on February 24, 2025.  Id. ¶¶ 60-61 (ECF No. 1, at 9); Compl. Ex. E (ECF No. 1-5).  However, on February 7, 2025, the Firm terminated Howard's employment, which she claims resulted in a failure to "provide her with full

payment, including compensation for mileage, tolls, and other reimbursable costs." Compl. ¶ 62 (ECF No. 1, at 9). On April 9, 2025, Howard filed charges of racial and disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 64 (ECF No. 1, at 10). On August 13, 2025, the EEOC issued Howard a Notice of Right to Sue. Id. ¶ 65.

On November 10, 2025, Howard filed the present action. Compl. (ECF No. 1). Counts VI and VII of Plaintiff's Complaint are alleged against Defendant Groves. In both Counts, Howard argues that, as managing attorney at the Firm, Groves "intentionally interfered with [her] contractual relationships and expectancies by undermining her professional standing [and] making disparaging comments towards her[] and about her clients." Id. ¶ 108-09, 115-16 (ECF No. 1, at 15-16). For Count VI specifically, Howard argues that Groves had direct knowledge of her employment contract and participated in a retaliatory campaign undermining her professional standing, which resulted in forcing her to sign a resignation letter. Id. ¶¶ 107-11. For Count VII, Howard claims Groves had direct knowledge of her business expectancy in the promised promotion to Senior Associate and Director of Employee Relations but interfered by "giving reputational and compensatory credit as well as professional advancement opportunities to another (non-Black) employee" for her work and forcing her to sign a resignation letter. Id. ¶¶ 114-18. As a result of Groves' tortious interference, Howard claims resultant damages in lost employment, income, and a promised promotion, and suffering from severe emotional distress. Id. ¶¶ 112, 119.

**B.    Current Motion**

Defendant Groves moved to dismiss Counts VI and VII of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 18). He argues that as a member—and thus agent—of the Firm, he is not capable of tortious interference with regard to any Firm contract or alleged business expectancy Howard may have had from the Firm. Mem.

Supp. Mark Groves' Mot. to Dismiss Pl.'s Compl. ("Def.'s Mem.") (ECF No. 19, at 18-20, 22-24). Groves also argues that Plaintiff failed to plead sufficient facts to show that he engaged in improper methods, or that she suffered damages. Id. at 20-22, 24-26. Plaintiff opposed the Motion, arguing that Groves improperly acted outside the scope of his employment and was thus able to interfere with the Firm's contracts and business expectancy, which resulted in her damages of lost employment, income, and a promotion, as well as severe emotional distress. Pl.'s. Opp'n Def. Mark Groves' Mot. to Dismiss Pl.'s Compl. ("Pl.'s Opp'n") (ECF No. 23, at 15-19). Defendant replied, arguing that Plaintiff's allegations against Groves (many of which he disputes) all describe conduct within his role as a member and managing attorney of the Firm. Reply. Mem. Supp. Mark Groves' Mot. to Dismiss Pl.'s Compl. ("Def.'s Reply") (ECF No. 28, at 13-18).

## II.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Though a complaint need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court must "accept the well-pleaded allegations of the complaint as true," Albright v. Oliver, 510 U.S. 266, 268 (1994), and "construe factual allegations in the light most favorable to the plaintiff," Harrison v. Westinghouse Savannah River

4

Co., 176 F.3d 776, 783 (4th Cir. 1999). However, the court does not assume the truth of any legal conclusions or unsupported, conclusory statements. Iqbal, 556 U.S. at 678-79.

The court may also consider certain materials outside of the complaint without converting the motion to dismiss into one for summary judgment. This includes documents attached to the complaint, Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004), as well as documents attached to the motion to dismiss if such materials are "integral to and explicitly relied on in the complaint" and their authenticity is not in dispute, Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015).

After reviewing the allegations, the court must then consider whether they are sufficient to state a plausible claim for relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A Rule 12(b)(6) motion, then, should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## III.    ANALYSIS

**A.    Plaintiff Fails to Allege Facts Sufficient to State a Plausible Tortious Interference Claim Against Groves in Count VI and Count VII of Her Complaint**

In order to state a claim for tortious interference, Plaintiff must plead and prove four elements:

> (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

5

Chaves v. Johnson, 335 S.E.2d 97, 102 (Va. 1985); Glass v. Glass, 321 S.E.2d 69, 77 (Va. 1984); see also Com. Funding Corp. v. Worldwide Sec. Servs. Corp., 249 F.3d 204, 213 (4th Cir. 2001).[3] If the contract or expectancy allegedly interfered with is terminable at will, or involves only an expectancy of future profit, Virginia law imposes the additional requirement that the interference be accomplished by improper methods. Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 318 (Va. 2014) (quoting Duggin v. Adams, 360 S.E.2d 832, 836 (Va. 1987)). Improper methods include those that are illegal or independently tortious, such as bribery or fraud, but also conduct that "violate[s] an established standard of a trade or profession, or involves unethical conduct, sharp dealing, overreaching or unfair competition." Id. at 318 n.5 (quoting Dunn, McCormack & MacPherson v. Connolly, 708 S.E.2d 867, 280 (Va. 2011)) (cleaned up).

Both of Plaintiff's claims for tortious interference fail as a matter of law because Groves, the alleged tortfeasor, is a member of the Firm and cannot interfere with its own contracts or business expectancy. Claims for tortious interference with contract rights or business expectancies "are predicated on the 'common law duty to refrain from interfering with another's contractual and business relationships.'" L-3 Commc'ns Corp. v. Serco, Inc., 926 F.3d 85, 91 (4th Cir. 2019) (quoting Francis Hosp., Inc. v. Read Props., LLC, 820 S.E. 2d 607, 610 (Va. 2018)). Because a party cannot interfere with his own contract or business expectancy, "a tortious interference claim requires the existence of three actors – the two parties to the contract and a third-party who interferes with, or induces one of the parties to breach, that contract." Storey v. Patient First Corp.,

---

[3] Claims of tortious interference with contract are separate from claims of tortious interference with business expectancy. The latter can exist even when there is no breach of contract, and the elements of that cause of action are very similar to those required for tortious contract interference. See Glass, 321 S.E.2d at 77 ("[S]ummariz[ing] the elements of such cause of action as follows: (1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damage to plaintiff."). Despite these intentional torts giving rise to two separate causes of action, the court is analyzing both of the claims from Plaintiff's Complaint—Counts VI and VII—together in this Order and Opinion because there is significant overlap in its reasons to dismiss both counts.

6

207 F. Supp. 2d 431, 448 (E.D. Va. 2002) (citing Fox v. Deese, 362 S.E.2d 699, 707-08 (Va. 1987)).   The Supreme Court of Virginia explained that "[a]n action for tortious interference with a contract or business expectancy . . . does not lie against parties to the contract, but only lies against those outside the contractual relationship, i.e., strangers to the contract or business expectancy." L-3 Commc'ns Corp., 926 F.3d at 91 (quoting Francis Hosp., Inc., 820 S.E.2d at 610).   In this case, Plaintiff's claims of tortious interference involve Groves—who Plaintiff concedes is a member and managing attorney of the Firm.  Compl. ¶¶ 6, 23, 108, 115.  Thus, Groves cannot be held liable for tortious interference with a contract or business expectancy because he and the Firm are the same in the context of these claims.

Plaintiff argues that Groves can still be held liable for tortious interference because he acted outside the scope of his employment.  Pl.'s Opp'n (ECF No. 23, at 15-16).  Specifically, she contends that Groves' actions—making disparaging comments regarding the type of people the firm is hiring in reference to Plaintiff, improperly crediting other employees with reputational and compensatory benefits, and forcing Plaintiff to sign a resignation—all fall outside the scope of his employment because "they were not expressly or impliedly directed by the [F]irm, were not naturally incident to the [F]irm's business, were not performed with the intent to further the [F]irm's interests, and instead arose wholly from . . . Groves's personal bias toward Plaintiff." Id. at 16.  An agent of the Firm can be held liable for tortious interference if it can be shown that the agent was "acting outside the scope of his employment." Storey, 207 F. Supp. 2d at 448 (quoting Wuchenich v. Shenandoah Mem'l Hosp., 215 F.3d 1324 (4th Cir. 2000)); see also Koontz v. Jording, No. 3:18-cv380, 2019 WL 1339595, at *10 (E.D. Va. Mar. 25, 2019).  An employee's acts fall within the scope of employment only when the act: "(1) was 'expressly or impliedly directed by the employer, or is naturally incident to the business' and (2) 'was performed, although

mistakenly or ill-advisedly, with the intent to further the employer's interest.'" Koontz, 2019 WL 1339595, at *10 (citing Gina Chin & Assoc., Inc. v. First Union Bank, 537 S.E.2d 573, 577 (Va. 2000)). The actions cannot "arise wholly from some external, independent, and personal motive." Williams v. AutoZone Stores, Inc., No. 3:09-cv-255, 2009 WL 3837281, at *2 (E.D. Va. Nov. 13, 2009) (citing Kensington Assocs. v. West, 362 S.E.2d 900, 901 (Va. 1987)).

Here, Groves' actions were within the scope of his employment as a member and managing attorney of the Firm. Plaintiff has failed to allege facts sufficient to plausibly assert that the actions Groves allegedly took were a result of his own external and personal motives. Even if Groves did make disparaging comments, improperly credited others, or encouraged Plaintiff to sign a resignation, as Plaintiff alleges, those actions did not occur outside the bounds of Groves' employment relationship with the Firm but rather were in the context of his role as a managing attorney. See Salley v. Sch. Bd. of Amelia Cnty., Va., No. 3:20-cv-939, 2021 WL 5760893, at *24 (E.D. Va. Dec. 3, 2021) (dismissing a tortious interference claim where the Plaintiff alleged discrimination and defamation to support her cause of action because those actions would still be within the defendants' supervisory role and employment relationship). The caselaw Plaintiff cites to involves unwanted physical contact, often from sexual harassment in employment settings, that deviates significantly from the employer's ordinary course of business. See Williams, 2009 WL 3837281, at *1-4. Plaintiff has alleged no such conduct by Groves. Indeed, all of the facts supporting her claim relate to his supervisory responsibilities over her and other staff and his engagement with a client audit where her hiring was discussed. Thus, Plaintiff fails to proffer facts that Groves acted outside the scope of his employment and role as managing attorney, and her tortious interference claims falter.

8

Because there has been no tortious interference, the court need not consider whether Groves employed "improper" means or methods of interference and whether Plaintiff suffered damages. However, even if Groves' actions were outside the scope of his employment, Plaintiff fails to plead sufficient facts to show that Groves engaged in improper conduct, or that she suffered any damages.[4] First, Plaintiff's allegations that Groves undermined her professional standing and made disparaging comments do not rise to the level of improper conduct required for a tortious interference claim. See Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 318 n. 5 (Va. 2014) (noting the following conduct as improper for tortious interference claims: bribery or fraud, violations of an established standard of a trade or profession, or actions involving unethical conduct, sharp dealing, overreaching or unfair competition). For her damages, Plaintiff claims she lost her employment, income, and promised promotion. Compl. ¶¶ 112, 119. But Plaintiff already submitted a notice of resignation, which allowed the Firm to terminate her employment immediately. Additionally, under the terms of her written employment agreement with the Firm, Plaintiff was not entitled to a promotion on the timeline she describes. Thus, Plaintiff failed to plead facts sufficient for her tortious interference claims.

Accordingly, the court DISMISSES Count VI and VII of Plaintiff's Complaint. At oral argument, Plaintiff's counsel asserted additional statements she believes may satisfy the

---

[4] Specific to Count VII, Plaintiff also fails to plead a viable business expectancy. "The evidence of an expectancy must establish expectancy by and between two parties at least, based upon something that is a concrete move in that direction." Cardin v. Olszewski, No. 1:19-cv-1646, 2020 WL 10313918, at *6 (E.D. Va. Aug. 20, 2020) (quoting Moore v. United Int' Investigative Servs., Inc., 209 F. Supp. 2d 611, 619-20 (E.D. Va. 2002)). "[M]ere proof of a plaintiff's belief and hope that a business relationship will continue is inadequate to sustain the cause of action." NorthStar Aviation, LLC v. Alberto, 332 F. Supp. 3d 1007, 1019 (E.D. Va. 2018) (quoting Commercial Bus. Sys., Inc. v. Halifax Corp., 484 S.E.2d 892 (1997)). Here, Plaintiff alleges that Groves discussed a possible promotion and "potential transition" with her to a role as "Collections Attorney and Employee Relations Director" in August 2024. Compl. ¶¶ 24, 47. However, Plaintiff was not formally offered this position, nor was she given a conditional offer of employment. Accordingly, her "potential transition" to this new role was not sufficiently certain or concrete for a tortious interference of business expectancy claim.

requirements of a tortious interference with contract and business expectancy claim. While the court remains doubtful given the analysis stated above, as Plaintiff has not previously amended her Complaint, the court GRANTS leave to amend the Complaint within ten (10) days from the date of this Order.

## V.    CONCLUSION

For the foregoing reasons, the court GRANTS the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, (ECF No. 18), and DISMISSES Counts VI and VII as to Mark Groves, but GRANTS Plaintiff's Motion to Amend the Complaint made during oral arguments.

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 26, 2026